■ JOSEPH BATTAGLIA, Individually and as Administrator of the Estate of ROBERT R. BATTAGLIA, Deceased, Respondent, v MUMTAZ JAFRI et al., Defendants, and MARY ELMASRY, as Executrix of IBRAHIM ELMASRY, Deceased, Doing

Business as HOUSE CALLS, INC., Appellant. (And a Third-Party Action.) — In a medical malpractice action, defendant Mary Elmasry, as executrix of the estate of her deceased husband, appeals from an order of the Supreme Court, Queens County (Kunzeman, J.), dated January 16, 1981, which denied her motion for summary judgment. Order affirmed, without costs or disbursements, without prejudice to a renewal of appellant's motion if she be so advised, after discovery has been completed. The verified complaint alleges that on or about July 21, 1977 the appellant's testator, Dr. Elmasry, operated a business known as House Calls, Inc., at 3802 14th Avenue, Brooklyn, and assigned physicians to answer emergency house calls from persons who were sick and infirm. On that day a codefendant physician treated the plaintiff's infant son in response to an emergency call. The child died the next day, and the complaint charges Dr. Elmasry with negligence in that he assigned the emergency call to another physician instead of responding himself. The appellant's answer alleges, *inter alia,* the affirmative defenses that she is the wrong party in interest, and that the complaint fails to state a cause of action. She moved for summary judgment dismissing the action as to her, on the ground that her testator did not own House Calls, Inc., at the time in question. In support of her motion she annexed a copy of a purchase agreement made October 17, 1977 whereby Manion Registry, Inc., located at 3802 14th Avenue, Brooklyn, sold to her deceased husband its business of providing administration to the medical profession for house call services, together with, *inter alia,* all of its right, title and interest in and to the use of the corporate name "House Calls, Inc." She also submitted a certificate of incorporation, filed October 31, 1977, of New York House Calls, Inc., located at 3802 14th Avenue, Brooklyn. In opposition, the plaintiff conceded that appellant's testator did not physically treat the infant plaintiff and asserted that the theory of his case against the appellant is that her testator was the owner of the business sued herein as "House Calls, Inc.," which provided physicians to make house calls. He submitted a copy of a medical insurance form signed by the codefendant physician who treated the infant on July 21, 1977, which form is rubber-stamped "House Calls, Inc. 3802-14th Avenue, Brooklyn, N.Y. 11218". On this state of the record questions of fact arise with respect to the appellant's testator's role in the business known as House Calls, and the latter's existence, either in corporate form, or as an unincorporated enterprise on July 21, 1977. However, it may be that upon completion of discovery proceedings these factual questions can be resolved. Hence, our affirmance is without prejudice to a renewal of the motion for summary judgment after discovery by the parties has been completed. Hopkins, J. P., Rabin, Cohalan and O'Connor, JJ., concur.